Filed
D.C. Superior Court
07/26/2018 14:57PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JOSEPH MISCHLER<br>15806 Seurat Drive<br>North Potomac, MD 20878-3437<br><br>    Plaintiff.<br><br>    v.<br><br>NOVAGRAAF GROUP BV<br>3000 K Street NW<br>Suite 200<br>Washington, DC 20007<br><br>    Defendant. | Civ. No. 2018 CA 005339 B |

## COMPLAINT AND JURY DEMAND

Plaintiff Joseph Mischler ("Mischler" or "Plaintiff"), by his attorney, alleges for his Complaint herein:

### PRELIMINARY STATEMENT

1. This is a wage theft case. Plaintiff Joseph Mischler has been employed by Defendant Novagraaf Group BV ("Novagraaf") since May 5, 2016 as its Managing Director for the "Novagraaf Americas Group." Novagraaf has refused to pay Mischler over $140,000 in wages. Novagraff has further to pay out the Mischler's equity in the Novagraaf as it is required to do. Even more egregious, even though there is no dispute that Mischler is an employee, Novagraaf has refused to withhold taxes and pay its portion of the FICA as required by the U.S. code. As a result, Mischler has been forced to pay Novagraaf's portion of its payroll taxes. When Mischler complained of Novagraaf's wage theft and tax fraud, Novagraaf retaliated against him by terminating him.

Plaintiff, through his undersigned counsel hereby alleges the following:

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to D.C. Code § 11-921(a)(6) and D.C. Code § 2-1403.16.

3. This Court has personal jurisdiction over the Defendants pursuant to D.C. Code § 13-423(a)(1)-(4).

4. Mischler is employed by Novagraaf in the District of Columumbia, and therefore the acts alleged in this Complaint occurred in the District of Columbia and therefore venue is proper in this jurisdiction.

## PARTIES AND RELEVANT PERSONS

5. Plaintiff Joseph Mischler has been employed by Novagraaf since May 5, 2016 as its Managing Director for the "Novagraaf Americas." Novagraaf's website (accessed on July 24, 2018) confirms this:



At all times relevant, Mischler worked for Novagraaf in Novagraaf's office located in the District of Columbia. Mischler is an employee as defined by D.C. Code § 32-1301

6. Defendant Novagraaf Group BV is a for-profit corporation formed and organized under the laws of the Netherlands (trade number of the chamber of commerce 30206478). Novagraaf's principal place of business is located at Hoogoorddreef 5, 1101 BA. Amsterdam, Netherlands. Novagraaf conducted and conducts substantial business activities in the District of Columbia. Novagraaf's headquarters for its U.S. business operations is located in the District of

2

Columbia, which is confirmed on its website (last accessed on July 24, 2018):



At all times relevant herein, Novagraaf employed Mischler in the District of Columbia. At all times relevant herein, Novagraaf maintained significant operations and services for its clients and customers in the District of Columbia. As a result, at all times relevant herein, Novagraaf procured significant revenues from its operations and business activities in the District of Columbia. Defendant Novagraaf is an employer as defined by D.C. Code § 32-1301.

## FACTS COMMON TO ALL COUNTS

7. Mischler began working for Novagraaf on or about May 5, 2016 in the position of "Managing Director, Novagraaf Americas." In this position, Mr. Mischler's primary duties were:

learn Novagraaf's service and product portfolio in order to properly represent the Company in the U.S.A..

Create a strategic sales plan for the US market with objectives and timetable broken out by month. To include sales targets by customer. Initial targets to be agreed during the first 30 days of this agreement.

Marketing and sales of Novagraaf products and services to customers and partners in the USA.

Make suggestions on how best to refine our offering for the US market. Provide competitor intelligence including pricing if possible.

Liaise with relevant industry associations to develop contacts, prospects and intelligence.

focus on partnerships / channels the US market.

3

8. Novagraaf agreed to pay Mischler a base salary ("Base Salary"). In order to avoid paying U.S. payroll taxes Novagraaf also stated that it would pay Mischler an "administration fee of 8% of base salary." Novagraaf also never paid any payroll taxes to the United States government or the District of Columbia government.

9. In addition to the base salary, Novagraaf agreed to pay Mischler a commission rate of 10% on all new sales he was responsible for, (with 5% due at the time of the client acquisition and 5% paid quarterly once the client was billed) and a 5% commission on client growth for those clients that were managed by Mischler ("Sales Commission"). Novagraaf further agreed to pay a commission of 2% for all sales completed by the staff he managed ("Management Commission").

10. Mischler's employment contract also provided Mischler with equity in Novagraaf ("Equity").

11. On December 20, 2016, Novagraaf agreed to increase Mischler's base salary by approximately 16% per year.

12. Throughout the course of his employment, Novagraaf failed to pay Mischler his Base Salary: (1) at least once per month;(2) within 10 working days of the covered pay period; and (3) on designated paydays.

13. Since Mischler has been employed by Novagraaf, Novagraaf has never paid Mischler: (1) his Sales Commissions; and (2) his Management Commissions.

14. As of the date of this Complaint, Novagraaf owes Mischler at least $82,794.51 in Sale Commissions and at least $55,892.95 in Management Commissions.

15. Mischler repeatedly complained to Novagraaf regarding the unpaid wages it owed him. The following dates below are some examples when Mischler complained to Novagraaf

4

regarding wages Novagraaf owed Mischler:

    a. January 2017: Mischler complained to Lutgarde Liezenberg (CEO) and Gerard Delaney (CCO) while in Paris for a Novagraaf business meeting.

    b. January 24, 2017: Mischler complained to Gerard Delaney (CCO) while in London for a Novagraaf business meeting.

    c. March 22, 2017: Mischler complained to Lutgarde Liezenberg (CEO), Gerard Delaney (CCO), and Michel Elsenga (CFO) while in Amsterdam for a Novagraaf business meeting.

    d. May 10, 2017: Mischler complained to Lutgarde Liezenberg (CEO) and Gerard Delaney (CCO) while in Amsterdam for a Novagraaf business meeting.

    e. April 11, 2017: Mischler complained to Lutgarde Liezenberg (CEO), Gerard Delaney (CCO), and Michel Elsenga (CFO) while in Paris for a Novagraaf business meeting.

    f. January 25, 2018: Mischler complained to Lutgarde Liezenberg (CEO) while in a Novagraaf staff meeting in Washington, DC.

    g. April 17, 2018: Mischler complained to Lutgarde Liezenberg (CEO), Gerard Delaney (CCO), and Michel Elsenga (CFO) during a video conference call.

16. On or about April 30, 2018, in retaliation against Mischler for complaining of the unpaid wages, Novagraaf threatened to terminate Mischler.

17. Since April 2018, Mischler has continued to complain of the unpaid wages Novagraaf owed.

18. On June 25, 2018, Novagraaf carried out its threats and terminated Mischler in retaliation for complaining of the unpaid wages. CEO Liezenberg is the individual responsible for terminating Mischler. Mischler's termination is to become effective July 27, 2018.

## COUNT I
## FAILURE TO PAY WAGES UPON DISCHARGE IN VIOLATION OF
## D.C. WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1303

19. Plaintiff realleges and incorporates by reference the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

20.     Mischler was terminated from him his employment with the Defendant on or about June 25, 2018. The effective date of is termination is July 27, 2018.  Defendant, however, willfully failed to pay Mischler all wages owed to him not later than the working day following such discharge in violation of D.C. Code § 32-1303.

21.     Specifically, Defendants owe Mischler: (1) no less than $82,794.51 for the unpaid Sales Commissions; (2) no less than $55,892.34 for the Management Commissions; and (3) the unpaid Equity.

22.     Pursuant to D.C. Code § 32-1303(4) Mischler is entitled to liquidated damages in the amount of 10% of the unpaid wages per working day after the day that wages were due or an amount equal to treble the unpaid wages, whichever is smaller.

23.     Under D.C. Code § 32-1308, Plaintiff is entitled to costs (i) The payment of any back wages unlawfully withheld; (ii) liquidated damages equal to treble the amount of unpaid wages; (iii) statutory penalties; and (iv) Such legal or equitable relief as may be appropriate, including reinstatement of employment, and other injunctive relief.

24.     Under D.C. Code § 32-1308, Plaintiff is entitled to costs of this action, including Costs shall also include expert witness fees, depositions fees, witness fees, juror fees, filing fees, certification fees, the costs of collecting and presenting evidence, and any other costs incurred in connection with obtaining, preserving, or enforcing the judgment.

25.     Under D.C. Code § 32-1308, Plaintiff is entitled to attorney's fees as computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services. Undersigned counsel's current billable rate pursuant to the LSI-Laffey Matrix approved by

6

*Salazar* is $658 per hour.

26.    WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants awarding (1) compensatory damages in the amount of unpaid wages; (2) liquidated damages in the amount of treble unpaid wages; (3) costs and attorney's fees; (4) punitive damages; (5) statutory penalties; and (6) all legal or equitable relief available, including without limitation, reinstatement of employment and front pay; and (7) any other relief the Court deems proper.

## COUNT II
### FAILURE TO PAY WAGES IN VIOLATION OF
### D.C. WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1302

27.    Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

28.    Under D.C. Code § 32-1302, Novagraaf was required to pay Mischler "at least once per month; provided, however, that an interval of not more than 10 working days may elapse between the end of the pay period covered and the regular payday designated by the employer." And Novagraaf was required to Mischler all earned "on designated paydays."

29.    Defendants violated D.C. Code § 32-1302 by failing to pay Mischler all of his earned wages, including wages for his contractually agreed upon Sales Commission, Management Commissions, and Equity.

30.    Defendants further violated D.C. Code § 32-1302 by failing to pay Mischler his earned wages, including his Sales Commission, Management Commissions, and Equity: (1) at least once per month;(2) within 10 working days of the covered pay period; and (3) on designated paydays.

31.    Under D.C. Code § 32-1308, Plaintiff is entitled to costs (i) The payment of any

back wages unlawfully withheld; (ii) liquidated damages equal to treble the amount of unpaid wages; (iii) statutory penalties; and (iv) Such legal or equitable relief as may be appropriate, including reinstatement of employment, and other injunctive relief.

32. Under D.C. Code § 32-1308, Plaintiff is entitled to costs of this action, including Costs shall also include expert witness fees, depositions fees, witness fees, juror fees, filing fees, certification fees, the costs of collecting and presenting evidence, and any other costs incurred in connection with obtaining, preserving, or enforcing the judgment.

33. Under D.C. Code § 32-1308, Plaintiff is entitled to attorney's fees as computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services. Undersigned counsel's current billable rate pursuant to the LSI-Laffey Matrix approved by *Salazar* is $658 per hour.

34. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants awarding (1) compensatory damages in the amount of unpaid wages; (2) liquidated damages in the amount of treble unpaid wages; (3) costs and attorney's fees; (4) punitive damages; (5) statutory penalties; and (6) all legal or equitable relief available, including without limitation, reinstatement of employment and front pay; and (7) any other relief the Court deems proper.

**COUNT III
RETALIATION IN VIOLATION OF
D.C. WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1311**

35. Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

36. Under D.C. Code § 32-1311, it is "unlawful for any employer to discharge,

8

threaten, penalize, or in any other manner discriminate or retaliate against any employee or person because that employee or person has: (1) Made or is believed to have made a complaint to his or her employer,….(2) initiated or is about to initiate a proceeding under or related to this chapter;…and (5) otherwise exercised rights protected under" the DC Wage Payment Collection Law.

37. On each of the dates set forth in Paragraph 15(a)-(g), Mischler complained to Novagraaf about his unpaid wages. On or about April 30, 2018, Novagraaf retaliated against Mischler by threatening to terminate Mischler.

38. Since April 2018, Mischler has continued to complain to Novagraaf of the unpaid wages Novagraaf owed.

39. On June 25, 2018, Novagraaf carried out its threats and terminated Mischler in retaliation for complaining of the unpaid wages. CEO Liezenberg is the individual responsible for terminating Mischler.

## COUNT IV
## BREACH OF CONTRACT
## AND BREACH OF GOOD FAITH AND FAIR DEALING

40. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

41. An express and implied contract existed between Mischler and Novagraaf.

42. Pursuant to the contract, Novagraaf agreed to pay Mischler: Sales Commissions, Management Commissions, Base Salary, the Administrative Fee, and Mischler's Equity.

43. This agreement remained in effect until Mischler was terminated on June 25, 2018.

44. Defendant Novagraaf breached the contract by failing to pay Mischler: the Sales

9

Commissions he earned, the Management Commissions he earned, his Base Salary he earned, and Mischler's Equity.

45. Defendant Novagraaf further breached the contract by failing to give Mischler 90 days notice prior to terminating the contract.

46. Defendant Novagraaf further breached the contract by failing to pay Mischler accrued wages no later than one working following the termination, and by terminating Mischler for unlawful purposes.

47. As a direct result of the breach of contract and implied duty of good faith and fair dealing, and wrongful termination, Plaintiff was caused to suffer severe damages to be determined at trial.

48. WHEREFORE, Plaintiff prays for relief in the form of a judgment awarding compensatory damages and any other relief the Court deems proper.

## COUNT V
## FAILURE TO PROVIDE PAID SICK LEAVE IN VIOLATION OF D.C. SICK LEAVE ACT (D.C. CODE § 32-531.02, *et seq.*)

49. Plaintiff realleges and incorporatse by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

50. Under D.C. Code § 32-531.02, Defendants were required to "provide for each employee not less than one hour of paid leave for every 43 hours worked, not to exceed 5 days per calendar year."

51. At all times relevant, Defendant failed to provide any paid leave to Plaintiff.

52. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants awarding (1) compensatory damages; (2) additional damages provided under D.C. Code § 32-531.12(b); (3) equitable relief, including but not limited to, mandatory adoption of

paid leave required under D.C. Code § 32-531.01. *et seq.*; (4) costs and attorney's fees; (5) punitive damages and (6) any other relief the Court deems proper.

**PRAYER FOR RELIEF**

53.     WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants awarding (1) economic damages in the amount of unpaid wages, backpay, and front pay; (2) non-economic damages including emotional distress, mental anguish, and inconvenience; (3) liquidated damages in the amount of treble unpaid wages; (4) costs and attorney's fees; (5) punitive damages; (6) statutory penalties; and (7) all legal or equitable relief available, including without limitation, reinstatement of employment and front pay; (8) pre-and post-judgment interest; and (9) any other relief the Court deems proper.

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

 /s/ Brendan J. Klaproth
Brendan Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiff*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

| | |
|---|---|
| JOSEPH MISCHLER | Case Number: 2018 CA 005339 B |
| vs | Date: 07/26/2018 |
| NOVAGRAAF GROUP BV | ☐ One of the defendants is being sued in their official capacity. |

| Name: *(Please Print)* Brendan J. Klaproth | Relationship to Lawsuit |
|---|---|
| Firm Name: Klaproth Law PLLC | ☒ Attorney for Plaintiff |
| Telephone No.: 202-618-2344    Six digit Unified Bar No.: DC Bar No. 999360 | ☐ Self (Pro Se) ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury

Demand: $ 1,000,000.00            Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____  Judge: _____  Calendar #:_____

Case No.:_____  Judge: _____  Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**                                        **COLLECTION CASES**

☒ 01 Breach of Contract              ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty              ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument           ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                  Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☐ 13 Employment Discrimination       ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees             Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                                     ☐ 28 Motion to Confirm Arbitration
                                        Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile          ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion          ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 10 Invasion of Privacy            ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 11 Libel and Slander                  Not Malpractice)
☐ 03 Assault and Battery           ☐ 12 Malicious Interference         ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution          ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal              ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 16 Negligence- (Not Automobile,   ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                             Not Malpractice)                ☐ 23 Tobacco
                                                                       ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**
- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)
- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)
- [ ] 21 Petition for Subpoena [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**
- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)
- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____   07/26/2018
Attorney's Signature                Date



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

JOSEPH MISCHLER
_____
Plaintiff

vs.                                                Case Number  2018 CA 005339 B

NOVAGRAAF GROUP BV
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brendan J. Klaproth, Klaproth Law PLLC
_____
Name of Plaintiff's Attorney

406 5th St. NW, Suite 350
_____
Address
Washington, DC 20001
_____

202-618-2344
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  07/27/2018

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요   የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                                CASUM.doc



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

JOSEPH MISCHLER
_____
                              Demandante
          contra

                                              Número de Caso: _____

NOVAGRAAF GROUP BV
_____
                              Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan J. Klaproth, Klaproth Law PLLC
Nombre del abogado del Demandante
406 5th St. NW, Suite 350
_____
Dirección
Washington, DC 20001
_____
202-618-2344
_____
Teléfono

SECRETARIO DEL TRIBUNAL

Por: _____
                              Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시요          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

    Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

JOSEPH MISCHLER
   Vs.                                                       C.A. No.     2018 CA 005339 B
NOVAGRAAF GROUP BV

# INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                            Chief Judge Robert E. Morin

Case Assigned to: Judge FLORENCE Y PAN
Date:  July 27, 2018
Initial Conference: 9:30 am, Friday, November 02, 2018
Location:  Courtroom 415
             500 Indiana Avenue N.W.
             WASHINGTON, DC  20001

                                                                                                               CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin