# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MISCHLER,<br><br>    Plaintiff,<br><br>    v.<br><br>NOVAGRAAF GROUP BV<br><br>    Defendant. | Civ. No. 1:18-cv-02002-TJK |

## DECLARATION IN SUPPORT OF
## PLAINTIFF'S MOTION FOR COSTS AND FEES

I, BRENDAN KLAPROTH, hereby declare under penalty of perjury:

1. I am an attorney representing the Plaintiff in the above-captioned litigation. As counsel for the Plaintiff, I am familiar with the facts stated herein. I submit this Declaration in support of Plaintiff's Motion for Costs and Fees ("Motion").

2. On January 21, 2019, Plaintiff served his First Set of Requests for Admissions to Defendant Novagraaf Group BV ("Novgraaf"). In the Requests for Admissions, Plaintiff requested that Novagraaf admit that the information contained in the Fannie Mae Request for Employment Verification to be true. A true and correct copy of Plaintiff's First Set of Requests for Admissions is attached to the Motion as Exhibit 1.

3. On February 21, 2019, Novagraaf served its Responses to Plaintiff's First Requests for Admissions. A true and correct copy is attached to the Motion as Exhibit 2.

4. In its responses, Novagraaf denied Request Nos. 1, 3, 5, 7, 9, 11, 13, 15, and 20. Novagraaf did not admit or deny Request Nos. 2, 4, 6, 8, 10, 12, 14, 16, or 19 but instead objected by stating "Novagraaf objects to the term 'false,' which is not defined, as vague and

ambiguous as to whether Plaintiff seeks information as to whether the statement is knowingly false or misleading."

5. On February 21, 2019, Plaintiff wrote to Novagraaf stating that "the objections to Requests No. 2,4, 6, 8, 12, 14, 16, and 19 are improper." Plaintiff wrote again on February 22nd and 27th explaining Novagraaf's deficiencies. A true and correct copy of the email correspondence regarding Novagraaf's deficient responses to the Plaintiff's First Set of Requests for Admissions is attached to the Motion as Exhibit 3.

6. On February 28, 2019, Plaintiff wrote to Novagraaf:

> In a good-faith effort to resolve this dispute, please use the following definition for the word "false" in responding Requests for Admission Nos. 2, 4, 6, 8, 10, 12, 14, 16, and 19:
>
> > "False" shall be defined as "not true." "False" shall not mean the "the statement is knowingly false or misleading." "False" also shall not mean "the statement constitutes an intentional misrepresentation."
>
> Now that the term "false" has been "defined" as you requested, please provide a supplemental response to Requests for Admission Nos. 2, 4, 6, 8, 10, 12, 14, 16, and 19 without objection.

A true and correct copy of the complete letter is attached to the Motion as Exhibit 4.

7. On April 4, 2019, Novagraaf served its supplemental responses. In response to Requests Nos. 2,4, 6, 8, 12, 14, 16, and 19, Novagraaf continued to assert its objection "Novagraaf objects to the term 'false,' which is not defined, as vague and ambiguous as to whether Plaintiff seeks information as to whether the statement is knowingly false or misleading." Furthermore, in those supplemental responses, Novagraaf denied all 21 requests for admissions. A true and correct copy of Defendant's supplemental response is attached here

8. On May 8, 2019, Plaintiff took the deposition of Novagraaf's Rule 30(b)(6) corporate representative. The deposition last 6.7 hours. Plaintiff's counsel spent 8.3 hours

preparing for the deposition. The cost charged by the court report for the deposition was $3,072.55

9. I graduated from law school in 2010. Based on the rate index established by the Legal Service Index update to the Laffey Matrix ("LSI-Laffey Matrix"), my prevailing market rate is $658 per hour.[1] The use of the LSI-Laffey Matrix was affirmed by this Circuit. *See Salazar v. District of Columbia,* 809 F.3d 58 (D.C. Cir. 2015). Under D.C. Code § 32-1308(b)(1), Plaintiff's "attorney's fees are to be computed pursuant to the matrix approved in *Salazar v. District of Columbia,* 809 F.3d 58 (D.C. Cir. 2015)."

10. The total amount of fees and costs incurred are set forth below:

| Date | Category | Time | Total Amount |
|---|---|---|---|
| 2/21/2019 | Review defendant's responses to RFAs | 0.4 | $ 263.20 |
| 2/21/2019 | Email defendant re deficient RFA responses | 0.2 | $ 131.60 |
| 2/21/2019 | Email defendant re deficient RFA responses | 0.2 | $ 131.60 |
| 2/27/2019 | Emails to/from defendant re deficient RFA responses | 0.5 | $ 329.00 |
| 2/28/2019 | LTR to Novagraaf re deficient RFA responses | 0.5 | $ 329.00 |
| 4/2/2019 | Email re status of RFA responses | 0.1 | $ 65.80 |
| 4/3/2019 | Email re status of RFA responses | 0.1 | $ 65.80 |
| 4/4/2019 | Review Novagraaf supplemental RFA responses | 0.4 | $ 263.20 |
| 5/7/2019 | Prep for 30b6 depo (8.3 hours less 80% reduction)[2] | 1.7 | $ 1,118.60 |
| 5/8/2019 | Attend 30b6 deposition (6.7 hours less 80% reduction)[2] | 1.3 | $ 855.40 |
| 7/8/2019 | Prepare for teleconference with def counsel; meet and confer with defense counsel | 1.1 | $ 723.80 |
| 7/8/2019 | Email with def re outstanding deficiencies | 0.4 | $ 263.20 |
| 7/12/2019 | Prepare for teleconference with chambers | 0.8 | $ 526.40 |
| 7/12/2019 | Teleconference with chambers | 0.8 | $ 526.40 |
| 7/26/2019 | Review correspondence for motion for costs | 2.3 | $ 1,513.40 |
| 7/26/2019 | Draft facts for motion for costs and prepare exhibits | 4.1 | $ 2,697.80 |

---

[1] The LSI-Laffey Matrix is available at http://www.laffeymatrix.com/see.html

[2] Plaintiff is only seeking 20% of the costs and fees for the deposition Novagraaf's corporate representative as the witnesses testified on topics other than just the Employment Verification.

|  |  |  |  |
|---|---|---|---|
| 7/28/2019 | Draft argument and finalize motion for costs | 2.9 | $ 1,908.20 |
|  | **Total Fees** |  | $ 11,712.40 |
|  | Cost for Novagraaf deposition ($3,071.55 deposition, less 80% reduction) |  | $ 614.31 |
|  | **Total Costs and Fees** |  | $ 12,326.71 |

    I declare and affirm under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2019    /s/ Brendan J. Klaproth
                 Brendan J. Klaproth (D.C. Bar No. 999360)
                 Klaproth Law PLLC
                 406 5th Street NW
                 Suite 350
                 Washington, DC 20001
                 Tel: 202-618-2344
                 Email: Bklaproth@klaprothlaw.com
                 *Attorney for Plaintiff*