**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROY BANKS, | ) |
| **Plaintiff,** | )  **Civil No.: 03CV0056 (HHK)(JMF)** |
| | )  **1:03CV00686 (HHK/JMF)** |
| | )  **1:03CV02080 (HHK/JMF)** |
| **v.** | ) |
| | ) |
| OFFICE OF THE SENATE SERGEANT- | ) |
| AT-ARMS and DOORKEEPER | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**PLAINTIFF'S AMENDED MOTION FOR CLARIFICATION AND**
**RECONSIDERATION**

**of Magistrate's May 9, 2005 Memorandum Order for Defendant to Produce Documents**
**and Memorandum of Law in Support Thereof**

On May 23, 2005 plaintiff ("Banks") filed a motion for clarification and reconsideration.

Prior to Banks filing that motion his counsel contacted Defense counsel and inquired whether the

March 26, 2004 privilege log filed with Court was the most current privilege log.

Banks sought that information because none of the documents considered in the Court's May

9, 2005 Order were on the March 26, 2004 Privilege log.

Defense was unable to provide the requested information of the most current privilege log

at that time.[1]  After Banks filed his motion, Defense Counsel provided evidence that Banks received

two privilege logs – the fifteen page log provided to this Court on March 26, 2004 and a second

seven page supplemental log.  This Court's Order only considered the seven page supplemental log.

---

[1]  Current Defense Counsel is the fourth team representing Defendant and they were not
on the case until the fall of 2004.

Plaintiff's counsel, believing there was only one log and it was the March 26, 2004 log, informed the Court that he had not received a log with the documents that were the basis for the Court's May 9, 2005 Order.

However, after he filed his motion, Defense Counsel informed plaintiff's counsel that the supplemental log was attached to correspondence sent on March 30, 2004 and on June 2, 2004. Plaintiff's counsel reviewed his correspondence file and found the log attached to the June 2, 2004 correspondence which was adding two documents to the supplemental log.  Banks did not find the log attached to the March 30, 2004 letter.  However, the March 30, 2004 letter from Littler Mendelson clearly states that they were enclosing a "supplemental privilege log."

Defense counsel has assured plaintiff that he was provided a copy of the supplemental log with the March 30, 2004 correspondence.  Based on previous dealings with present Defense Counsel, and his proven honesty, Banks will concede that he received the supplemental privilege log on March 30, 2004.

Thus, Banks is filing this amended motion to be consistent with his receipt of the supplemental privilege log on March 30, 2004 and the amended supplemental privilege log on June 2, 2004.

On May 9, 2005, the Court ordered defendant to produce certain documents to Banks that had been withheld throughout discovery.  After discovery closed Defendant provided **two separate** privilege log and argued that certain documents were withheld during discovery based on various claims of privilege.  Banks was denied all discovery on those documents.

The Ninth Circuit recently decided a case with the exact same issues as this matter.  That court found that an untimely privilege log waives any privilege.  *Burlington Northern & Santa Fe*

*Railway Company v. United States District Court for the District of Montana*, __ F.3d. __, 2005 WL 1175922 (9th Cir. May 19, 2005) (Privilege waived for privilege log produced five months late).  A copy of the 9th Circuit's decision is attached as Exhibit "A."

Unfortunately, in this case, many of the documents listed in this Court's May 9 Order were not on any privilege log to Banks.  Banks asks for clarification of the May 9, 2005 Order.

On March 26, 2004 Defendant filed a privilege log with this Court listing various documents.[2] However, on May 9, 2005 the Court issued a Memorandum Order that listed documents that were not on the March 26, 2004 privilege log.  On March 30, 2004 and June 2, 2004, Defendant provided another privilege log.[3]  The documents in the Court's May 9, 2005 Order were limited to the March 30, 2004 and June 2, 2004 supplemental privilege log.

The documents on the March privilege log were not discussed in the Court's order including RB003756 which were notes from the person, Dey, who Defendant said  reviewed Banks' termination as an independent reviewer of the termination.

Banks asks for clarification of the Court's Order because the Court did not discuss the documents on the March 26, 2004 privilege log and the fact that Banks was not provided a privilege log for more than six months after responses to his first request for the production of documents were due.

Finally, the Defendant's key witness in this case, Doug Fertig, has passed away.  Banks is

---

[2]  A copy of the Defendants Roy Banks' Privilege Log was filed as Exhibit B to Defendant's March 26, 2004 Opposition to Plaintiff's Motion to Compel a Privilege Log is attached here as Exhibit "B."

[3]  The second privilege log was attached to a letter dated June 2, 2004.  Similarly to the March 26, 2004 privilege log, it was 15 pages long.  On the 15th page of the log provided on June 2, 2004 were two documents that had been highlighted.

extremely prejudiced because many of the documents under the Court's consideration were created by Fertig or sent to him.  Banks was denied this information before Fertig's deposition and Banks was never informed that Fertig was ill.

Pursuant to local rule 7(m) counsel conferred and defendant does not consent to this motion. A draft order is attached.

## SUMMARY ARGUMENT

Defendant's privilege logs were not only not filed during the Rule 34 time limit, but was filed *at least six months* late for certain documents.[4]  Defendant is a sophisticated litigant and a repeat player in employment lawsuits.  The claim that responding in a timely fashion would have been impossible or overly burdensome is hard to justify.  Banks asks for clarification of the Court's Order based on the fact that he was never provided a privilege log that lists the documents in the Court's Order.

## Procedural History

On July 30, 2003, Banks served his first request for the production of documents on Defendant.  Between August 31, 2003 and March 23, 2004, no privilege log was provided for

---

[4]  A party withholding materials must timely provide a privilege log or sanctions must be granted.  *See  Moloney v. United States*, 204 F.R.D. 16 (D.Mass. 2001) ("Having failed to assert the privileges timely, any attempt to do so now violates the mandate of Rule 26(b)(5) to make the claim expressly . . . it is improper to assert a privilege and then sit back and require the opposing side to file a motion to compel"); *Ritacca v. Abbot Laboratories*, 203 F.R.D. 332 (N.D. Ill. 2001) (Defendants "inexcusable and unjustified delay in asserting the attorney-client privilege warrants waiver."); *Woldman v. Sam's Cartage Company,* 1997 WL 534529 (N.D. Ill. 1997) ("The claim of work product protection has been waived").

plaintiff's first request for documents.  On March 26, 2004, Defendant filed a copy of the privilege log that the SAA provided to Banks.[5]

On November 18, 2003, Banks served his second request for the production of documents. On January 12, 2004, Banks served his third request for the production of documents on Defendant.

## Argument

## Defendant Privilege Claims Violate the Rules of Civil Procedure

There has only been one Circuit Court that has considered the issues which are before this Court.  Under the reasoning of the 9th Circuit Defendant has waived privilege as to the documents on the untimely privilege log provided to plaintiff.  Exh. A, *Burlington Northern & Santa Fe Railway Company v. United States District Court for the District of Montana*, 2005 WL 1175922, *3.

Second, under the reasoning of the *Burlington* decision, Defendant has waived all privilege as to documents that were never on a privilege log that plaintiff was provided.  *Id.*

> We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege. However, we also reject a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30- day time limit. Instead, using the 30-day period as a default guideline, a district court should make a case-by-case determination, taking into account the following factors: the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld

---

[5]  A copy is attached as Exhibit B.

> documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy

Here, Defendant never provided any privilege log for six months for Plaintiff's First Request for the Production of Documents.  It was only after every single deposition in this case had been taken and every witness questioned that any privilege log was provided.  Finally, the attorneys involved in the litigation were the same attorneys who were involved in this matter while the documents were created.

The Advisory Committee's Note to Rule 26(b)(5) provides "A party must notify other parties if it is withholding materials otherwise subject to disclosure under the rule or pursuant to a discovery request because it is asserting a claim of privilege or work product protection."

A party that fails to submit a privilege log is deemed to waive the underlying privilege claim.  *See Dorf & Stanton Communications, Inc. v. Molson Breweries,* 100 F.3d 919, 923 (Fed.Cir.1996) (holding that failing "to provide a complete privilege log demonstrating sufficient grounds for taking the privilege" waives the privilege).   Although most of the reported cases arise in the context of a claim of attorney-client privilege, the "specify or waive" rule applies equally in the context of claims of work product privilege.  *See, e.g., Smith v. Conway Org., Inc.,* 154 F.R.D. 73, 76 (S.D.N.Y.1994).

Thus, Banks asks that the Court clarify its decision based on the fact that Banks was never provided a privilege log with many of the documents listed in the Court's May 9, 2005 order.

## Mr. Fertig Has Passed Away

Douglas Fertig was the Defendant's Director of Human Resources and was involved in the

termination of Mr. Banks.  Mr. Fertig was deposed on January 29, 2004.  There was no privilege log provided for Banks' First and Second Requests for the Production of Documents on Defendant when Banks took Fertig's deposition.  Banks was entitled to question Mr. Fertig on those documents.  Now Mr. Fertig can not.  Defendant never informed Banks that Mr. Fertig was ill or on sick leave.

The people who determined to fire Banks were William Pickle, Keith Kennedy, Brenda Pence, Erika Watkins, Doug Fertig, S.R. and Rick Edwards.[6]  After Banks brought his motion the Court was notified that Douglas Fertig had died.[7]  Banks was entitled to the privilege log before he deposed Mr. Fertig.  Now he can never have discovery from Fertig.

The Court has earlier ordered that Banks depose, among others, Fertig.  Banks is prejudiced because he cannot depose Fertig.

Doug Fertig was the Director of Human Resources and the only person who claims that Banks made a discriminatory statement.  There was no investigation of whether Banks made such a statement and Fertig and Banks had numerous discussions about S.R. and S.R.'s preference to manage Hispanics/Latinos because S.R.'s belief that Latino's were subservient and, thus, easier to manage.

Fertig supervised McComish and reviewed her investigations.[8]  Without a privilege, Banks was unable to properly depose Fertig about his testimony.

Banks asks that any privilege claim for documents that were from or to Mr. Fertig is waived

---

[6] Fertig Dep., pg. 188-192, 201; January 28, 2004 Deposition Transcript of Branch Manager S.R. ("S.R. Dep.") pg. 278.

[7] Defendant's April 6, 2005 Notice concerning Mr. Fertig was filed with the Court.

[8] McComish Dep., pg. 10; Fertig Dep., pg. 37, 121,154.

and all documents be provided to him.

**WHEREFORE**, Banks respectfully requests the Court to clarify the Order based on the fact that Plaintiff was not provided a privilege log for the documents in the Court's Order.  Plaintiff also requests that the Court consider that Mr. Fertig was deposed before a privilege log was provided and is now unavailable in determining if Banks has been privileged in determining if the documents to and from Fertig should be provided to plaintiff.

Respectfully submitted,


  /s/
William P. Farley #466280
Karl & Tarone
900 17th Street, N.W.
Suite 1250
Washington, D.C.  20006
(202) 293-3200
Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ROY BANKS,                              )
                    Plaintiff,          )        Civil No.: 03CV0056 (HHK)(JMF)
                                        )        1:03CV00686 (HHK/JMF)
                                        )        1:03CV02080 (HHK/JMF)
            v.                          )
                                        )
OFFICE OF THE SENATE SERGEANT-          )
AT-ARMS and DOORKEEPER                  )
                                        )
                    Defendant.          )
_____ )

## ORDER

Upon consideration of Plaintiff's Motion for Clarification, Plaintiff's memorandum of points and authorities in support thereof, the Defendant's opposition, if any, thereto, Plaintiff's Reply and the record herein, it is the ___ day of _____ 2005 hereby:

**ORDERED** that the Plaintiff's motion be and hereby is **GRANTED**; and it is further

**ORDERED** that Defendant produce the correspondence listed on the privilege log that was by and to Doug Fertig;; and it is further

**ORDERED** that the Defendant produce the documents from the March 26, 2004 privilege log that are not privileged.

                                        _____
                                        Magistrate Judge John M. Facciola
                                        United States District Court Magistrate Judge

Copies to:

William P. Farley 466280
McDonald & Karl
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006
Counsel for Plaintiff


Matthew D. Keiser, Esquire
Senate Senior Counsel for Employment
Office of the Senate Chief Counsel for Employment
Suite SH-103
Washington, D.C. 20510-7130
Counsel for Defendant

**CERTIFICATE OF SERVICE**


I hereby certify that the foregoing Plaintiff's Amended Motion for Reconsideration was

served on defendant by the Court's Electronic Filing System, on this 31st day of May 2005 to:


        Matthew D. Keiser, Esquire
        Senate Senior Counsel for Employment
        Office of the Senate Chief Counsel for Employment
        Suite SH-103
        Washington, D.C. 20510-7130
        Counsel for Defendant


        /s/ William P. Farley
        William P. Farley 466280
        McDonald & Karl
        900 17th Street, N.W., Suite 1250
        Washington, D.C. 20006
        (202) 293-3200 (telephone)
        (202) 429-1851 (fax)
        Counsel for Plaintiff