**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DAVID G. KOMATZ and<br>BABSY KOMATZ,<br><br>Debtors. | Chapter 7<br><br>Case No. 20-bk-36026 (CGM) |
| DAVID G. KOMATZ and<br>BABSY KOMATZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>EDUCATION and EDUCATIONAL<br>CREDIT MANAGEMENT<br>CORPORATION,<br><br>Defendants. | Adv. Proc. No. 21-ap-9007 (CGM) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
UNITED STATES DEPARTMENT OF EDUCATION'S MOTION FOR SUMMARY
JUDGMENT**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for Defendant Dept. of Education
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2769
Email: carly.weinreb@usdoj.gov

CARLY WEINREB
Assistant United States Attorney
   - Of Counsel -

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .........................................................................................................................2

I.   THIS CASE SHOULD BE DECIDED ON SUMMARY JUDGMENT
     BECAUSE THE RECORD IS UNDISPUTED......................................................2

II.  PLAINTIFFS CANNOT MEET THEIR BURDEN UNDER
     PRONGS TWO AND THREE OF THE *BRUNNER* TEST ON
     THE UNDISPUTED RECORD ...............................................................................5

     A.  There Are No "Additional Circumstances" That Will Prevent
         Plaintiffs from Repaying their DOE Loan Debt............................................6

     B.  Plaintiffs Did Not Make Good Faith Efforts to Repay Their
         DOE Loans .......................................................................................................7

CONCLUSION.....................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Archibald v. United Student Aid Funds (In re Archibald),
  280 B.R. 222 (Bankr. S.D. Ind. 2002) ................................................................................. 11

Arroyo v. U.S. Dep't of Educ. (In re Arroyo),
  470 B.R. 18 (Bankr. D. Mass. 2012) ............................................................................. 11, 12

Brunner v. N.Y. State Higher Educ. Servs. Corp
  831 F.2d 395 (2d Cir. 1987) ........................................................................................ passim

Codename Enterprises, Inc. v. Fremantlemedia N. Am., Inc., No.,
  16CIV1267ATSN, 2018 WL 3407709 (S.D.N.Y. Jan. 12, 2018) ............................................ 4

Conde v. United States,
  No. 19 CIV. 8506 (NRB), 2021 WL 3604701 n.12 (S.D.N.Y. Aug. 13, 2021) ........................ 5

Davis v. Educ. Credit Mgmt. Corp. (In re Davis),
  373 B.R. 241 (W.D.N.Y. 2007) .............................................................................................. 6

Educ. Credit Mgmt. Corp. v. Rhodes,
  464 B.R. 918 (W.D. Wash. 2012) ........................................................................................ 11

French v. NCO Fin. Sys., Inc. (In re French),
  2006 WL 2583646 (Bankr. S.D.N.Y. Aug. 31, 2006) ....................................................... 8-10

Gesinde v. U.S. Dept. of Educ. (In re Gesinde)
  18-10320 (SHL), 2019 WL 5090080 (Bankr. S.D.N.Y. Oct. 10, 2019) .................................. 8

Greene v. U.S. Dep't of Educ.,
  No. 4:13CV79, 2013 WL 5503086 (E.D. Va. Oct. 2, 2013) ................................................. 11

Hlady v. Key Bank, N.A. (In re Hlady),
  616 B.R.  (Bankr. E.D.N.Y. 2020) ......................................................................................... 7

In re Basic Food Grp., LLC,
  No. 15-10892 (JLG), 2018 WL 5805943 (Bankr. S.D.N.Y. Oct. 31, 2018) ............................ 3

Bukovics v. Navient (In re Bukovics),
  587 B.R. 695 (Bankr. N.D. Ill. 2018) ..................................................................................... 9

Lozada v. Educ. Credit Mgmt. Corp. (In re Lozada),
  604 B.R. 427 (S.D.N.Y. 2019) ............................................................................................... 7

In re Morse,
    164 B.R. 651 (Bankr. E.D. Wash. 1994) ................................................................................. 8

In re Salman,
    No. 14-22017 (RDD), 2016 WL 11728990 n.2 (Bankr. S.D.N.Y. Nov. 7, 2016) ..................... 3

Irish v. Tropical Emerald LLC,
    No. 18-CV-82-PKC-SJB, 2021 WL 5899048 (E.D.N.Y. Dec. 14, 2021) ............................. 4-5

Kraft v. N.Y.S. Higher Educ. Svcs. Corp. (In re Kraft),
    161 B.R. 82 (Bankr. W.D.N.Y. 1993) ................................................................................... 10

LaSalle Bank Nat. Ass'n v. Nomura Asset Capital Corp.,
    424 F.3d 195 (2d Cir. 2005) .................................................................................................... 3

Loftus v. Sallie Mae Svcs. (In re Loftus),
    371 B.R. 402 (Bankr. N.D. Iowa 2007) .................................................................................. 9

Pacenza v. IBM Corp.,
    363 F. App'x 128 (2d Cir. 2010) ............................................................................................. 5

Ramirez v. Michael Cetta Inc.,
    No. 19-CV-986 (VEC), 2020 WL 5819551 at *5 n.2 (S.D.N.Y. Sept. 30, 2020) ................... 3

Stern v. Educ. Res. Inst. Inc. (In re Stern),
    288 B.R. 36 (Bankr. N.D.N.Y. 2002) ................................................................................ 6, 10

Williams v. U.S. Dept. of Educ. (In re Williams)
    15BK38704, 2018 WL 1229719 (Bankr. N.D. Ill. Mar. 8, 2018) ............................................ 9

Yeger v. Inst. of Culinary Educ., Inc.,
    No. 14CV8202-LTS, 2017 WL 377936 (S.D.N.Y. Jan. 25, 2017) .......................................... 4

**Statutes**
26 U.S.C. § 108 ............................................................................................................... 11, 12

**Rules**
Fed. R. Bankr. P. 7026 ............................................................................................................ 4
Fed. R. Bankr. P. 7056 ............................................................................................................ 3
Fed. R. Civ. P. 26(e) ............................................................................................................... 4
Fed. R. Civ. P. 56 .................................................................................................................... 1
Fed. R. Evid. 902(11) .............................................................................................................. 5
Local Bankr. R. 7056-1 ....................................................................................................... 3, 5

**Regulations**
34 C.F.R. § 685.209(c) .......................................................................................................... 11
34 C.F.R. § 685.212(a) .......................................................................................................... 12

Defendant the United States Department of Education ("DOE"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in reply to Plaintiffs' Memorandum of Law in Opposition to Defendant the United States Department of Education's Motion for Summary Judgment ("Opposition Brief" or "Opp. Br.")[1] and in further support of its motion for summary judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, which incorporates Federal Rule of Civil Procedure 56, in this adversary proceeding filed by plaintiffs David and Babsy Komatz ("Mr. Komatz" and "Mrs. Komatz," and together, "Plaintiffs").[2]

## PRELIMINARY STATEMENT

On a largely undisputed record, Plaintiffs ask the Court to discharge over $180,000 of DOE-held student loan debt despite failing to demonstrate good faith efforts to repay or any exceptional circumstances hindering repayment. Plaintiffs readily admit that they have not made any payments toward their DOE loan debt, requested loan modification, or applied for any income-driven repayment plans, despite being eligible for a plan with no monthly payments. Rather, Plaintiffs argue that they need not make any efforts to repay because the loans have not yet come due. However, to obtain the extraordinary relief of student loan discharge in bankruptcy, Plaintiffs must demonstrate good faith, and they have not done so.

As explained in the DOE's opening brief, Mr. Komatz has the skills and capacity to earn an income and has regularly earned fees for tax and accounting clients over the past several years. However, because he chooses to work without compensation, he has failed to maximize

---

[1] Although Plaintiffs served their Opposition Brief, Opposition to Defendant's Rule 7056-1 Statement, declaration, affidavit, and all accompanying exhibits on the DOE on December 24, 2021, none of these documents were filed on the docket other than Exhibits 37, 39, and 41-58. See ECF No. 60. The DOE has notified Plaintiffs so that they may contact the Court's *pro se* office regarding the filings.

[2] Abbreviated terms used herein are defined in the DOE's opening summary judgment brief.

his income to repay his student loans. He has also failed to conduct an adequate job search, having applied to only approximately four jobs per year over the past 10 years—many fewer than other debtors whose job searches were deemed insufficient. Meanwhile, Plaintiffs have placed all of their assets into family trusts for "asset protection" from creditors such as the DOE. Such conduct is not consistent with good faith efforts to repay.

Discharge should also be denied because the record does not contain any evidence indicating "additional circumstances" that would preclude Plaintiffs from being able to repay their loans over a significant portion of the repayment period. Plaintiffs' novel claim that Mr. Komatz suffers from medical conditions that "might" hinder his ability to repay relies entirely on inadmissible evidence that was never produced in discovery. These unsupported assertions—which are directly contrary to Plaintiffs' prior responses to formal discovery requests—should not be considered on summary judgment. In any event, it appears that most of Mr. Komatz's alleged medical conditions were diagnosed long before Plaintiffs instituted this bankruptcy, and have not prevented Mr. Komatz from attending school full-time, authoring multiple books, and servicing dozens of clients for the family businesses. Medical conditions that do not negatively impact a plaintiff's ability to work are not relevant to the "undue burden" analysis.

Plaintiffs have failed to meet their burden for discharge under the applicable standard. Accordingly, discharge should be denied.

## ARGUMENT

**I.     THIS CASE SHOULD BE DECIDED ON SUMMARY JUDGMENT BECAUSE THE RECORD IS UNDISPUTED**

Summary judgment is appropriate here because this case involves an undisputed record. Of the 107 paragraphs of material facts contained in the DOE's Rule 7056-1 Statement, Plaintiffs admitted that all were undisputed except for Paragraphs 66, 73, 89-91, 98-101, and 106. See

ECF No. 59-2 ("Rule 7056-1 Stmt."), Opposition to Rule 7056-1 Statement ("Rule 7056-1 Stmt. Opp."); see also Fed. R. Bankr. P. 7056; Local Bankr. R. 7056-1(b).  Further, the 10 "disputed" paragraphs should be deemed admitted because Plaintiffs have not cited admissible evidence specifically controverting the asserted facts.[3]  See Local Bankr. R. 7056-1(d), (e); In re Basic Food Grp., LLC, No. 15-10892 (JLG), 2018 WL 5805943, at *6 (Bankr. S.D.N.Y. Oct. 31, 2018) (deeming admitted facts that were not controverted with admissible evidence); Ramirez, 2020 WL 5819551, at *5 n.2 (same); In re Salman, No. 14-22017 (RDD), 2016 WL 11728990, at *1 n.2 (Bankr. S.D.N.Y. Nov. 7, 2016) (same); see also LaSalle Bank Nat. Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 205 (2d Cir. 2005) ("Evidence considered on summary judgment must generally be admissible.").

In particular, Paragraph 101—which asserts that Plaintiffs do not suffer from any medical conditions or disabilities that have hindered their ability to repay—should be deemed admitted because the only evidence they now purport to offer to controvert those facts are medical records that were not produced in discovery.  See Declaration of David G. Komatz and Babsy Komatz ("Komatz Decl.") ¶¶ 9-17, Exhs. 45-53 (the "Medical Exhibits").  Although the DOE specifically requested in discovery information about Plaintiffs' medical conditions that may affect their ability to repay their loans, Plaintiffs disclaimed any repayment obstacles arising from medical

---

[3] Paragraphs 66 and 73 are not specifically controverted with citations to admissible evidence, and Mr. Komatz already admitted to these facts at his deposition. See Rule 7056-1 Stmt. Opp. ¶¶ 66, 73 (citing David Tr. 148:6-14). Plaintiffs' responses to Paragraphs 89, 90, 98, and 99 are nonresponsive, see id. ¶¶ 89-90, 98-99; Ramirez v. Michael Cetta Inc., No. 19-CV-986 (VEC), 2020 WL 5819551, at *5 n.2 (S.D.N.Y. Sept. 30, 2020) (deeming asserted fact admitted where "purported objection was nonresponsive"), and Plaintiffs already admitted to these facts in their responses to the DOE's requests for admissions and at Mr. Komatz's deposition, see Rule 7056-1 Stmt. ¶¶ 89-90, 98-99 (citing evidence). Plaintiffs purport to "dispute" Paragraphs 91 and 100, but their responses concede agreement. See Rule 7056-1 Smt. Opp. ¶¶ 91, 100. Finally, Plaintiffs' response to Paragraph 106 rests on a misunderstanding of the REPAYE calculation, and Mr. Komatz already admitted to these facts at his deposition. See id. ¶ 106.

3

conditions, stating: "No medical condition or disability prevents or prevented Plaintiffs from seeking employment or contributed to their undue hardship." Weinreb Decl., Exh. 31 at 11, 22. For this reason, Plaintiffs did not provide authorizations that would have enabled DOE to issue subpoenas to their healthcare providers for any relevant medical records. Id. The DOE relied on those representations in conducting discovery and preparing its summary judgment motion.

While Plaintiffs assert that they only became aware of Mr. Komatz's alleged medical conditions at "the completion of discovery," Opp. Br. at 14, by their own admission, they learned this information much earlier—in August 2021, two months before the October 22, 2021, fact discovery deadline and one month before Plaintiffs' depositions, id.; Rule 7056-1 Stmt. Opp. ¶ 101; Exh. 47. If Plaintiffs intended to offer this information in support of their claims, they were under a duty to timely supplement their responses. See Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(e). Their failure to comply with their discovery obligations, despite ample opportunity, has deprived the DOE of a fair opportunity to discover information about these alleged medical conditions, to subpoena third-party medical providers, and to depose Plaintiffs on this subject.

Under these circumstances, it would be patently unfair and prejudicial to consider the Medical Exhibits on summary judgment. See, e.g., Codename Enterprises, Inc. v. Fremantlemedia N. Am., Inc., No. 16CIV1267ATSN, 2018 WL 3407709, at *2-3 (S.D.N.Y. Jan. 12, 2018) (striking documents produced for the first time by plaintiff in opposition to defendant's summary judgment motion to avoid prejudice and "sandbagging"); Yeger v. Inst. of Culinary Educ., Inc., No. 14CV8202-LTS, 2017 WL 377936, at *9 (S.D.N.Y. Jan. 25, 2017) (declining to consider evidence on summary judgment that plaintiff failed to produce during discovery without substantial justification); Irish v. Tropical Emerald LLC, No. 18-CV-82-PKC-SJB, 2021 WL 5899048, at *5 (E.D.N.Y. Dec. 14, 2021) (describing plaintiff's attempt to use undisclosed and

4

"unrebuttable" evidence on summary judgment as the "height of prejudice").[4]

In any event, the Medical Exhibits are not admissible. "As a general matter, [u]ncertified medical records . . . are of no probative value . . . and are considered inadmissible hearsay that are an insufficient basis for opposing a motion for summary judgment." Conde v. United States, No. 19 CIV. 8506 (NRB), 2021 WL 3604701, at *9 n.12 (S.D.N.Y. Aug. 13, 2021) (internal quotations and citations omitted); see also Fed. R. Evid. 902(11); Pacenza v. IBM Corp., 363 F. App'x 128, 130 (2d Cir. 2010) ("[A] court is obliged not to consider inadmissible evidence at the summary judgment stage."). As Plaintiffs' opposition to Paragraph 101 is solely supported by unauthenticated medical records, that paragraph should be deemed admitted. See id.; Local Bankr. R. 7056-1(d), (e).

Accordingly, all facts in the record are undisputed or deemed admitted. As there are no material disputed issues of fact, summary judgment is appropriate.[5]

## II. PLAINTIFFS CANNOT MEET THEIR BURDEN UNDER PRONGS TWO AND THREE OF THE *BRUNNER* TEST ON THE UNDISPUTED RECORD

Plaintiffs acknowledge, as they must, that they must establish each of the three prongs of the test in Brunner v. N.Y. State Higher Educ. Servs. Corp. by a preponderance of the evidence

---

[4] Exhibits 41-44 and 54-61 to the Komatz Declaration were also never produced in discovery. These exhibits include excerpts of printed information from various websites, property tax documentation related to Plaintiffs' residence, documentation from the New York State Motor Vehicle Department and GEICO relating to Plaintiffs' car, and what purports to be a Crossroads balance sheet for the period ended December 31, 2010. These documents are responsive to the DOE's document requests but were not produced, see Weinreb Decl., Exh. 31 ¶¶ 1, 3, 7, 10, 12-13, 15, 31, and should not be considered on summary judgment.

[5] Reopening discovery would prejudice the DOE by requiring additional expense and delay that could have been avoided if Plaintiffs had complied with their discovery obligations. However, if the Court determines that it will consider the Medical Exhibits on summary judgment, in the interest of fairness, the DOE respectfully requests that discovery be reopened for the limited purpose of conducting discovery on Mr. Komatz's alleged medical conditions, and that the Court impose any costs associated with such discovery on Plaintiffs.

5

to warrant discharge of their student loan debt. 831 F.2d 395 (2d Cir. 1987); <u>Stern v. Educ. Res. Inst. Inc. (In re Stern)</u>, 288 B.R. 36, 41-42 (Bankr. N.D.N.Y. 2002); Opp. Br. at 11, 41. Because Plaintiffs have not met that burden, their requested discharge should be denied.

### A. There Are No "Additional Circumstances" That Will Prevent Plaintiffs from Repaying their DOE Loan Debt

The second prong of the <u>Brunner</u> test requires a plaintiff to show, by a preponderance of the evidence, that there are "additional circumstances" indicating a state of affairs that will preclude them from being able to repay the loans for a significant portion of the repayment period. <u>Brunner</u>, 831 F.2d at 396. Among the "additional circumstances" typically considered by courts are illness, disability, lack of useable job skills, or a large number of dependents. <u>Davis v. Educ. Credit Mgmt. Corp. (In re Davis)</u>, 373 B.R. 241, 250 (W.D.N.Y. 2007).

In their Opposition, Plaintiffs point to only one such circumstance: Mr. Komatz's allegedly declining health. Opp. Br. at 14-16. However, for the reasons above, the Medical Exhibits upon which this argument relies are inadmissible and should not be considered on summary judgment in the interest of fairness and avoidance of prejudice. <u>See</u> <u>supra</u> at 3-5. Even if the Medical Exhibits were to be considered, however, the record is devoid of any evidence showing that Mr. Komatz's alleged medical conditions have or will prevent him from working—the only relevant consideration under this prong of the <u>Brunner</u> test. On the contrary, the Medical Exhibits reveal that several of the conditions that Plaintiffs claim may someday prevent Mr. Komatz from obtaining gainful employment were diagnosed years before the Petition Date. <u>See</u> Komatz Decl., Exhs. 45 at 4 (keratosis diagnosed by 2016), 46 (skin cancer diagnosed by 2014), 47 at 4 (noting "medical history" of osteoarthritis); Opp. Br. at 15 (stating that Mr. Komatz had surgery for basal cell carcinoma in 2014). Despite these conditions, Plaintiffs affirmed in their 2021 discovery responses that "[n]o medical condition or disability prevents or

6

prevented Plaintiffs from seeking employment or contributed to their undue hardship." Weinreb Decl., Exh. 31 at 11, 22.  Indeed, Mr. Komatz's active lifestyle over the past several years, during which he regularly performed tax and accounting services for three family businesses, self-published several business books, pursued multiple advanced degrees, and assisted his wife with her music business venture, evidences a capacity for professional productivity.  Rule 7056-1 Stmt. Opp. ¶¶ 3-22, 54-55, 61-62, 68, 74-75, 83; Babsy Tr. at 29:13-18, 28:13-17.

While Plaintiffs also suggest that their advanced age will negatively impact their ability to work, see Opp. Br. at 17, "[c]ourts have rejected arguments that age alone satisfies the second prong of the *Brunner* test," Hlady v. Key Bank, N.A. (In re Hlady), 616 B.R. 277, 277 (Bankr. E.D.N.Y. 2020).  Mr. Komatz's choice to go to school later in life "is not a unique or exceptional circumstance" excusing repayment.  Id.  In any case, Plaintiffs' assumption that their employment prospects will decrease with age is not supported by competent evidence.  See Lozada v. Educ. Credit Mgmt. Corp. (In re Lozada), 604 B.R. 427, 437 (S.D.N.Y. 2019) (rejecting 67-year-old debtor's self-serving testimony about his decreasing employment prospects absent "competent" evidence).

Plaintiffs have not pointed to any other evidence in the record demonstrating a continued inability to repay, nor is there any such evidence.  Accordingly, they have failed to meet their burden under the second prong of the Brunner test, and discharge should be denied.

### B. **Plaintiffs Did Not Make Good Faith Efforts to Repay Their DOE Loans**

Under the third prong of the Brunner test, Plaintiffs must show, by a preponderance of the evidence, that they made good faith efforts to repay their student loans.  Brunner, 831 F.2d at 396.  Here, Plaintiffs appear to argue instead that they should be *excused* from demonstrating good faith: "Plaintiffs do not need to show that they made good faith efforts to pay their loans as they have not yet come due."  Opp. Br. at 8.  This is not the law.  All debtors seeking discharge

7

must demonstrate all three prongs of the Brunner test, regardless of whether the debt is currently due.  The Brunner case itself involved a debtor who filed for discharge "within a month of the date the first payment of her loans came due."  Brunner, 831 F.2d at 397.  Nevertheless, the Second Circuit affirmed the denial of discharge because her failure to attempt repayment, deferment, or "less drastic remed[ies]" than discharge "does not evidence a good faith attempt to repay her student loans."  Id.  Far from excusing a demonstration of good faith, filing for discharge close in time to the first payment date "undercuts [a debtor's] request for relief."  Gesinde v. U.S. Dept. of Educ. (In re Gesinde), No. 18-10320 (SHL), 2019 WL 5090080, at *6 (Bankr. S.D.N.Y. Oct. 10, 2019) (filing for discharge over four months before the debtor's first student loan payment was due weighed against discharge).

The Bankruptcy Code is "intended to provide an honest but unfortunate debtor with a fresh start," not a means for opportunistic student borrowers to shed their loan obligations before even attempting to repay.  Opp. Br. at 11 (citing In re Morse, 164 B.R. 651, 656 (Bankr. E.D. Wash. 1994)).  While Plaintiffs are not required to make payments before the loans come due, they nevertheless must demonstrate what good faith efforts they have made to repay the loans to qualify for discharge.  Brunner, 831 F.2d at 396; French v. NCO Fin. Sys., Inc. (In re French), 2006 WL 2583646, at *6 (Bankr. S.D.N.Y. Aug. 31, 2006) (listing good faith factors).[6]

On this record, Plaintiffs cannot meet their burden.  It is undisputed that Plaintiffs have made no payments toward the DOE Loan Debt, never applied for an income-driven repayment plan, never investigated alternative repayment options, and never requested loan deferment, modification, or forbearance.  Weinreb Decl., Exh. 11, ¶¶ 1-10; Rule 7056-1 Stmt. Opp. ¶ 107.

---

[6] Plaintiffs assert that no single factor is dispositive in determining good faith.  See Opp. Br. at 9, 13, 45.  As discussed below, however, Plaintiffs have not established *any* of the good faith factors.  Accordingly, Plaintiffs cannot meet their burden on summary judgment.

To this day, Plaintiffs remain uninterested in exploring alternative repayment options. Rule 7056-1 Stmt. Opp. ¶ 104 ("There is no reason to apply for an income-driven payment plan."). These factors militate against discharge. See French, 2006 WL 2583646, at *6.[7]

While Mr. Komatz relies heavily on the fact that he allegedly applied to 120 jobs in 2011, see Opp. Br. at 23, the record contains no documentary evidence substantiating that claim. Regardless, it is undisputed that from 2012 to the present Mr. Komatz only applied to approximately four jobs per year. Weinreb Decl., Exh. 27 (job application spreadsheet prepared by Mr. Komatz); David Tr. 122:7-10 ("Q: Are there any other jobs that you applied for that are not reflected on this spreadsheet? A: No."). This fails to demonstrate good faith as a matter of law. See French, 2006 WL 2583646, at *2, 7 (20 job applications in a year was "not very extensive"); Bukovics v. Navient (In re Bukovics), 587 B.R. 695, 705-06 (Bankr. N.D. Ill. 2018) (debtor who applied to only eight to ten jobs over the past several years failed to establish "undue burden" because student loan debtors are "expected to cast a wide net"); Williams v. U.S. Dept. of Educ. (In re Williams), No. 15BK38704, 2018 WL 1229719, at *6 (Bankr. N.D. Ill. Mar. 8, 2018) (52-year-old debtor who applied to 73 jobs in three years failed to establish good faith); see also Loftus v. Sallie Mae Svcs. (In re Loftus), 371 B.R. 402, 410 (Bankr. N.D. Iowa 2007) (student borrower who made "very few applications" in recent years failed to establish "best effort[s] to maximize income"). Moreover, Plaintiffs do not dispute that Mr. Komatz only applied to jobs within his areas of expertise, see Rule 7056-1 Stmt. Opp. ¶ 91 ("The jobs applied for were reasonably within the areas of expertise of Mr. Komatz. Certainly one cannot be expected to apply for work in a different area of expertise."), which also fails to demonstrate

---

[7] Repayment is not futile here, where the undisputed record shows that Mr. Komatz consistently earned income over the past decade which he diverted to the family businesses instead of paying back his loans. See Rule 7056-1 Stmt. Opp. ¶¶ 54-55, 61-62, 68, 74-75, 83, 88.

9

good faith as a matter of law, see French, 2006 WL 2583646, at *7 (debtor's failure to "meaningfully broaden her job search" beyond her industry "is inconsistent with a finding of good faith"); Stern, 288 B.R. at 42-43 (student borrowers "are obligated to repay their loans even if they are unable to obtain employment in their chosen field of study"); Kraft v. N.Y.S. Higher Educ. Svcs. Corp. (In re Kraft), 161 B.R. 82, 85 (Bankr. W.D.N.Y. 1993) ("[T]he *Brunner* test does not permit a Debtor to . . . 'hold[] out' for a job in the Debtor's chosen field."). Indeed, Plaintiffs' own exhibits demonstrate that Mr. Komatz scored well on employability tests within the past two years, indicating that his failure to find work resulted from an inadequate job search, not his qualifications. See Komatz Decl., Exhs. 39 at 2 ("Most businesses would hire a person with this score."), 57.

Instead, Mr. Komatz spent his time volunteering for the family businesses rather than pursuing paid employment. See Rule 7056-1 Stmt. Opp. ¶¶ 55, 61, 68, 88; David Tr. 282:22-24 ("[T]he customers I do have pay a fee for the [tax preparation] service. The fact is that I don't receive compensation for doing it."). Of course, this arrangement appears to have benefitted Plaintiffs: because Mr. Komatz declined to draw a salary that could become potentially available to creditors such as the DOE, the business client fees remained in the trust-owned businesses, out of reach from creditors, while Plaintiffs maintained access to those funds to pay their personal expenses. See Rule 7056-1 Stmt. Opp. ¶¶ 63, 71 (business funds are used to pay personal expenses). Deliberately using the family trusts for personal "asset protection" is inconsistent with good faith efforts to repay Plaintiffs' DOE Loan Debt.[8] Rule 7056-1 Stmt. Opp. ¶ 87; Opp.

---

[8] It is worth noting that the irrevocable living trusts of Joseph J. Komatz, David Komatz, and Babsy Komatz were created approximately six months after Mrs. Komatz previously filed for bankruptcy in August 2001, see In re Komatz, No. 01-bk-30158 (Bankr. S.D.N.Y.) (Morris, J.), and eight months before Mr. Komatz previously filed for bankruptcy in October 2002, see In re Komatz, No. 02-bk-30229 (Bankr. S.D.N.Y.) (Morris, J.).

Br. at 7-8 (explaining that Mr. Komatz uses the trusts for asset protection, "a specific legal action aimed at protecting debtors from creditors").

Furthermore, Plaintiffs' concerns about the potential tax consequences arising from participation in an income-driven repayment plan, see Opp. Br. at 44-45, are entirely speculative and not relevant to the Brunner analysis. Under an income-driven repayment plan, any remaining loan amounts are forgiven after 25 years. See Bolander Decl. ¶ 11 (citing 34 C.F.R. § 685.209(c)). Plaintiffs speculate that if they enrolled in such a plan, and if they did not repay the loans in full over the term of the plan, any loan forgiveness could be treated as taxable income at that time. See Opp. Br. at 13, 44-45. However, it is impossible to know now what the tax laws or Plaintiffs' circumstances will be in two decades or more. For this reason, courts routinely decline to consider speculative tax consequences in evaluating loan discharge under the Brunner test. See, e.g., Greene v. U.S. Dep't of Educ., No. 4:13CV79, 2013 WL 5503086, at *6 (E.D. Va. Oct. 2, 2013), aff'd, 573 F. App'x 300 (4th Cir. 2014) (potential tax liabilities in 25 years are "too speculative" to be considered in evaluating student loan discharge); Arroyo v. U.S. Dep't of Educ. (In re Arroyo), 470 B.R. 18, 31 (Bankr. D. Mass. 2012) (undue burden not shown where tax liability is "not certain to flow from discharge"); Archibald v. United Student Aid Funds (In re Archibald), 280 B.R. 222, 229 (Bankr. S.D. Ind. 2002) ("[A]ny possible income tax liability in the future is too speculative to rule out the feasibility" of an income-driven repayment plan); see also Educ. Credit Mgmt. Corp. v. Rhodes, 464 B.R. 918, 926 (W.D. Wash. 2012) (affirming denial of discharge where debtor "did not submit evidence that he would incur [a] tax liability" from loan forgiveness "despite the fact that he bore the burden of doing so").

Indeed, current law provides that all types of loan forgiveness are tax-free until at least December 31, 2025. See 26 U.S.C. § 108(f)(5). Moreover, debt forgiveness is taxable only if

11

the debtor is solvent at the time of the forgiveness. Id. § 108(a)(1)(B), (a)(3). Plaintiffs are not currently solvent, see Am. Sch. J (ECF No. 6). at 3, and if they were to be (or to remain) insolvent at the time of any future loan forgiveness, the amount forgiven would not be considered taxable income. See Arroyo, 470 B.R. at 31 (debtor who was likely to be insolvent at end of repayment period failed to show "undue burden"). Finally, if Plaintiffs—who are currently 71 and 66 years old—were to predecease the expiration of the 25-year repayment period, any remaining loan balance would be discharged. See Opp. Br. at 17; 34 C.F.R. § 685.212(a). As Plaintiffs may very well not have any tax liability arising from their DOE Loan Debt, such speculative concerns should not be considered here.

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment in favor of the DOE.

Dated: New York, New York
       January 26, 2022

                                Respectfully submitted,

                                DAMIAN WILLIAMS
                                United States Attorney for the
                                Southern District of New York
                                *Attorney for Defendant DOE*

                    By:   /s/ Carly Weinreb
                          CARLY WEINREB
                          Assistant United States Attorney
                          86 Chambers Street, 3rd Floor
                          New York, New York 10007
                          Tel: (212) 637-2769
                          E-mail: carly.weinreb@usdoj.gov